## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TALKING RAIN BEVERAGE COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. |
| KLARBRUNN, INC., | )<br>)<br>) |
| Defendant. | ) **DEMAND FOR JURY TRIAL**<br>)<br>) |

## COMPLAINT

Plaintiff Talking Rain Beverage Company, Inc. ("Talking Rain"), for its Complaint against Defendant Klarbrunn, Inc. ("Klarbrunn") alleges as follows on personal knowledge as to the facts concerning itself and on information and belief as to all other facts:

### Introduction

1. This is an action for trademark infringement, false designation of origin, and unfair competition arising out of Klarbrunn's sales of the VITA ICE flavored sparkling water product, which prominently features the ICE mark. That product is a blatant and deceptive knock-off of Talking Rain's pioneering flavored sparkling water product, SPARKLING ICE. Klarbrunn has mimicked Talking Rain's federally registered, incontestable trademarks ICE and SPARKLING ICE.

2. The likelihood of confusion from the similarity of the names is compounded by the other features of SPARKLING ICE that Klarbrunn has copied with its product and

packaging, which are sufficient to cause consumer confusion even apart from the similarity of the product names. The labeling on Klarbrunn's ICE products prominently features the ICE mark separate and apart from the words "Klarbrunn" and "VITA," which are not easily visible to the consumer. Specifically, the words "Klarbrunn" and "VITA" are significantly undersized by comparison and written in a completely different direction on the label. In addition, the ICE product itself is an obvious imitation of Talking Rain's SPARKLING ICE product, copying some of the flavors and colors of SPARKLING ICE as well as the product ingredients, right down to the suite of vitamins added. A simple side-by-side depiction of the products shows their confusing similarity and the high risk of consumer deception:



3. Klarbrunn's conduct violates federal and Illinois law. On information and belief,

Klarbrunn's branding and presentation of its product have caused actual confusion in the marketplace. Unless enjoined, Klarbrunn's misleading actions will continue to create consumer confusion, adversely affect Talking Rain's sales, and destroy the goodwill that Talking Rain has spent years cultivating in its SPARKLING ICE brand.

### Parties

4. Talking Rain is a Washington corporation with its principal place of business in Preston, Washington.

5. Klarbrunn is a Wisconsin corporation with its corporate office in Watertown, Wisconsin. Klarbrunn is a wholly-owned subsidiary of Wis-Pak, Inc.

### Jurisdiction and Venue

6. This Court has jurisdiction as to the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), (b), and 1367(a). This Court also has jurisdiction as to the subject matter of this action under 15 U.S.C. § 1332(a) because the suit is between citizens of different States and the amount in controversy exceeds $75,000, excluding interest and costs.

7. This Court has personal jurisdiction over Klarbrunn because Klarbrunn carries on substantial and continuous business activities in Illinois. Klarbrunn distributes and sells products in Illinois under various brand names, including the ICE product.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Klarbrunn is subject to the Court's personal jurisdiction in Illinois and would be subject to personal jurisdiction in this District if this District were a State.

### Talking Rain and Its SPARKLING ICE Brand

9. In an industry dominated by international behemoths like Nestlé, Pepsico, the Coca Cola Company, and Cott Corporation, Talking Rain is a rarity – a successful independent,

privately-owned producer and distributor of carbonated water and naturally flavored sparkling water products. Over the past twenty-eight years, Talking Rain has grown from its Pacific Northwest roots to gain a national market for its products. The most significant element of that growth has been the company's SPARKLING ICE brand of flavored sparkling water.

10. Talking Rain introduced SPARKLING ICE products in the early 1990s. Since then the SPARKLING ICE brand has grown to include twenty flavor varieties, including Orange Mango, Black Raspberry, and Pink Grapefruit. SPARKLING ICE beverages are sold in single-serve 17-ounce bottles, multi-packs, and 8-ounce cans. Talking Rain sells SPARKLING ICE in over 100,000 retail outlets throughout the United States, including supermarkets, mass retail stores, wholesale clubs, drug stores, and convenience stores. It is also available for home delivery through Peapod and Amazon and for office delivery through Costco Business.

11. SPARKLING ICE products have enjoyed tremendous consumer acceptance. In June 2009, Talking Rain introduced the SPARKLING ICE bottle trade dress – the overall "look" of the product – that it has used continuously since that time. Talking Rain intentionally designed the new trade dress to be unlike any other packaging in the flavored water category at the time and to visually distinguish SPARKLING ICE products from the competition on store shelves. At roughly the same time, the company also improved the flavorings used in the product. Since Talking Rain made those changes, sales of SPARKLING ICE products have increased over one hundred fold – a growth rate virtually unheard of in the beverage industry. Today it is the nation's number one brand of bottled sparkling water, both by market share and sales volume, ahead of such well-known brands as Perrier, Poland Spring, and Arrowhead.

## The SPARKLING ICE Trademarks

12. Talking Rain has continuously used and owned the trademark ICE since at least 1993. Talking Rain owns United States Trademark Registration No. 2,040,885 for the mark ICE for "carbonated and noncarbonated flavored and unflavored water" in Class 32.

13. Talking Rain has continuously used and owned the trademark SPARKLING ICE since at least 1995. Talking Rain owns United States Trademark Registration No. 1,944,414 for the mark SPARKLING ICE for "non-alcoholic soft drinks" in Class 32.

14. The ICE and SPARKLING ICE registrations are valid, subsisting, in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065.

15. The registration of the ICE and SPARKLING ICE trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Talking Rain's exclusive right to use the ICE and SPARKLING ICE trademarks in connection with the goods identified in the registrations.

16. The ICE and SPARKLING ICE marks are inherently distinctive and the public has come to associate those marks exclusively with the unique source of the products bearing them, namely, Talking Rain. Talking Rain's advertising, promotion, and marketing efforts have resulted in favorable public acceptance and recognition of the ICE and SPARKLING ICE trademarks. As a result of Talking Rain's efforts, and the millions of dollars in sales of products bearing the trademarks, consumers have come to understand those trademarks as signifying a unique source for the SPARKLING ICE brand.

17. Talking Rain has invested large sums of money to promote its SPARKLING ICE products so consumers will readily recognize the ICE and SPARKLING ICE marks used in connection with SPARKLING ICE products on store shelves. Advertising for SPARKLING

ICE flavored sparkling water consistently features the ICE and SPARKLING ICE marks as Talking Rain uses those marks on bottles—not the product being poured or already in a glass, but rather the packaging as a consumer would see it on the store shelf.

### Klarbrunn's Infringement

18. Klarbrunn's ICE product competes directly with Talking Rain's SPARKLING ICE products in the same specialized product category: zero-calorie flavored sparkling water. ICE beverages are and (absent an injunction) will be sold in the same trade channels, including in some of the very same stores, as SPARKLING ICE beverages. Indeed, the products are sold virtually side by side in some store aisles.

19. With its ICE product, Klarbrunn has deliberately imitated virtually every feature of the SPARKLING ICE product. The names of the products are highly similar, particularly with Klarbrunn's label and store displays that prominently feature the ICE mark. Klarbrunn has even copied some of SPARKLING ICE's flavors.

20. Given the striking similarity between the products' respective names, there is a high likelihood that consumers will mistakenly believe that Klarbrunn's ICE product is actually the SPARKLING ICE product or mistakenly believe that Klarbrunn's product comes from, is sponsored or licensed by, or is associated or affiliated with, Talking Rain, the maker of SPARKLING ICE beverages. In addition to Klarbrunn's ICE products' emphasizing the ICE mark on labeling, Klarbrunn displays its ICE products in stores in boxes that prominently feature the ICE mark as well:



Talking Rain's SPARKLING ICE display (left); Klarbrunn's ICE display (right)

21.     Klarbrunn has registered the mark KLARBRUNN VITA ICE, but its ICE products do not prominently feature KLARBRUNN and VITA.  Rather, Klarbrunn effectively uses ICE as a stand-alone mark.

22.     The likelihood of confusion is exacerbated by the fact that flavored sparkling water is a low-cost item (generally less than $2 per bottle), meaning that consumers are unlikely to exercise substantial care in making a purchase.  In fact, single-serve bottles are frequently an impulse purchase, and stores often place them in high-visibility locations at the end of aisles or near checkout counters so that consumers can quickly grab a bottle or two as they pass by.

23.     On information and belief, consumers have experienced actual confusion between the Klarbrunn ICE and Talking Rain SPARKLING ICE products.

24.     Klarbrunn is willfully infringing Talking Rain's ICE and SPARKLING ICE trademarks.

25. Klarbrunn has been on notice of its infringement since at least 2013, when Talking Rain notified Klarbrunn of its infringing conduct via letter. Talking Rain has since sent multiple letters to Klarbrunn regarding the infringement, but Klarbrunn has refused to cease its use of the ICE mark.

### Injury to Talking Rain and the Public

26. In developing and marketing its ICE beverages, Klarbrunn has intentionally adopted a product name and imagery that is likely to deceive consumers into thinking they are buying SPARKLING ICE products or that they come from or are affiliated with Talking Rain. Deception of consumers is an injury to the public interest.

27. If Klarbrunn's infringement is not enjoined, Talking Rain will continue to suffer irreparable damage to its hard-earned brand recognition in the flavored sparkling water category. As the latecomer, Klarbrunn's product will unfairly gain recognition and sales at Talking Rain's expense by borrowing from the reputation, goodwill, and recognition that Talking Rain has built in its ICE and SPARKLING ICE trademarks.

28. Klarbrunn's unlawful conduct will also cause Talking Rain to lose sales and revenues as consumers are confused into purchasing Klarbrunn's ICE beverages under the mistaken belief that they are buying SPARKLING ICE beverages or another product produced by or affiliated with Talking Rain. Klarbrunn's conduct will also damage Talking Rain as others in sales and distribution channels are confused into believing that Klarbrunn's ICE beverages are SPARKLING ICE beverages or are produced by or affiliated with Talking Rain.

29. In addition, Talking Rain is being and will be irreparably injured by losing control of its brand's reputation. Klarbrunn's unauthorized imitation of Talking Rain's trademarks causes Talking Rain to be associated with a product over which it has no control. That

involuntary association will injure Talking Rain, especially if consumers are dissatisfied with Klarbrunn's product for any reason and consequently have a less favorable opinion of SPARKLING ICE.

## COUNT I
### Infringement of Federally Registered Trademark—ICE
### (Lanham Act § 32, 15 U.S.C. § 1114)

30. Talking Rain repeats and realleges each allegation of the foregoing paragraphs as if fully set forth herein.

31. Klarbrunn uses in interstate commerce a counterfeit or colorable imitation of Talking Rain's registered ICE trademark in connection with Klarbrunn's promotion and sale of its ICE flavored sparkling water products.

32. Klarbrunn's unauthorized imitation of the ICE mark is likely to cause confusion and mistake among consumers and others as to the source, origin, or sponsorship of Klarbrunn's ICE products.

33. Klarbrunn's unauthorized imitation of the ICE mark in interstate commerce constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and use of a counterfeit mark under Section 35 of the Lanham Act, 15 U.S.C. § 1117(b), (c).

34. Klarbrunn's unauthorized imitation of the ICE mark is a knowing, willful, and intentional violation of Talking Rain's rights.

35. Klarbrunn's infringement diminishes the value of Talking Rain's trademark, goodwill, and business reputation. Further, Klarbrunn's acts of infringement, unless restrained, will cause great and irreparable injury to Talking Rain and to the recognition and goodwill represented by the ICE mark, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

36. By reason of the foregoing, Talking Rain is entitled to injunctive relief restraining Klarbrunn from any further infringement of the ICE mark and is also entitled to recovery of Klarbrunn's profits, actual damages, enhanced profits and damages (including trebling), costs, reasonable attorneys' fees, and interest under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### Infringement of Federally Registered Trademark—SPARKLING ICE
### (Lanham Act § 32, 15 U.S.C. § 1114)

37. Talking Rain repeats and realleges each allegation of the foregoing paragraphs as if fully set forth herein.

38. Klarbrunn uses in interstate commerce a counterfeit or colorable imitation of Talking Rain's registered SPARKLING ICE trademark in connection with Klarbrunn's promotion and sale of its ICE flavored sparkling water products.

39. Klarbrunn's unauthorized use of the SPARKLING ICE mark is likely to cause confusion and mistake among consumers and others as to the source, origin, or sponsorship of Klarbrunn's ICE products.

40. Klarbrunn's unauthorized use of the SPARKLING ICE mark in interstate commerce constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and use of a counterfeit mark under Section 35 of the Lanham Act, 15 U.S.C. § 1117(b), (c).

41. Klarbrunn's unauthorized use of the SPARKLING ICE mark is a knowing, willful, and intentional violation of Talking Rain's rights.

42. Klarbrunn's infringement diminishes the value of Talking Rain's trademark, goodwill, and business reputation. Further, Klarbrunn's acts of infringement, unless restrained, will cause great and irreparable injury to Talking Rain and to the recognition and goodwill

represented by the SPARKLING ICE mark, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

43. By reason of the foregoing, Talking Rain is entitled to injunctive relief restraining Klarbrunn from any further infringement of the SPARKLING ICE mark and is also entitled to recovery of Klarbrunn's profits, actual damages, enhanced profits and damages (including trebling), costs, reasonable attorneys' fees, and interest under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT III**
**False Designation of Origin—ICE Mark**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

44. Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

45. Talking Rain uses and owns the ICE mark in connection with its sale of SPARKLING ICE products. The trademark is inherently distinctive and has also acquired secondary meaning as a designation of origin for Talking Rain.

46. In connection with its promotion and sale of its ICE product, Klarbrunn uses in interstate commerce the ICE mark. Klarbrunn's promotion and sale of ICE is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products. Consumers seeing ICE in the marketplace are likely to believe it is sponsored by, associated with, or otherwise affiliated with SPARKLING ICE and/or Talking Rain, or vice versa.

47. Klarbrunn's use of the ICE mark constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Klarbrunn's use of the ICE mark is a knowing, willful, and intentional violation of Talking Rain's rights.

49. Klarbrunn's acts of false designation of origin, unless restrained, will cause great and irreparable harm to Talking Rain and to the business goodwill represented by the ICE mark, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

50. By reason of the foregoing, Talking Rain is entitled to injunctive relief against Klarbrunn, restraining it from any further acts of false designation of origin, and is also entitled to recovery of Klarbrunn's profits, actual damages, enhanced profits and damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT IV
### False Designation of Origin—SPARKLING ICE Mark
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

51. Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

52. Talking Rain uses and owns the SPARKLING ICE mark in connection with its sale of SPARKLING ICE products. The trademark is inherently distinctive and has also acquired secondary meaning as a designation of origin for Talking Rain.

53. In connection with its promotion and sale of its ICE product, Klarbrunn uses in interstate commerce the ICE mark, which is confusingly similar to the SPARKLING ICE mark. Klarbrunn's promotion and sale of ICE is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products. Consumers seeing ICE in the marketplace are likely to believe it is sponsored by, associated with, or otherwise affiliated with SPARKLING ICE and/or Talking Rain, or vice versa.

54. Klarbrunn's use of the ICE mark constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Klarbrunn's use of the ICE mark is a knowing, willful, and intentional violation of Talking Rain's rights.

56. Klarbrunn's acts of false designation of origin, unless restrained, will cause great and irreparable harm to Talking Rain and to the business goodwill represented by the SPARKLING ICE mark, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

57. By reason of the foregoing, Talking Rain is entitled to injunctive relief against Klarbrunn, restraining it from any further acts of false designation of origin, and is also entitled to recovery of Klarbrunn's profits, actual damages, enhanced profits and damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT V
### Violation of Illinois Consumer Fraud and Deceptive Business Practices Act
### (815 ILCS 505/1, et seq.)

58. Talking Rain repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

59. The acts, practices and conduct of Klarbrunn, as alleged above in this Complaint, constitute unfair or deceptive business practices in violation of 815 ILCS 505/1, et seq., in that said acts, practices, and conduct are likely to lead the public to conclude, incorrectly, that ICE products sold by Klarbrunn originate with, are sponsored by, or are authorized by Talking Rain, to the damage and harm of Talking Rain and the public.

60. Klarbrunn's use of confusingly and deceptively similar imitations of the ICE mark and SPARKLING ICE mark is willful and intentional, with the intention of deceiving the

public as to the source of Klarbrunn's goods and services.

61. As a direct and proximate result of Klarbrunn's acts, practices and conduct, as alleged, Talking Rain has been and will likely continue to be injured and damaged, and Talking Rain has no adequate remedy at law for this injury.

62. As a result of Klarbrunn's acts, Klarbrunn has been unjustly enriched and Talking Rain has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Talking Rain is entitled to injunctive relief and an accounting of Klarbrunn's profits, damages, and costs.

## COUNT VI
### Violation of Illinois Uniform Deceptive Trade Practices Act
### (815 ILCS 510/1, et seq.)

63. Talking Rain repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

64. The acts, practices and conduct of Klarbrunn as set forth above are likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of goods provided by Klarbrunn, and thus constitute unfair and deceptive acts or practices in the conduct of a business, trade or commerce in violation of Illinois statute 815 ILCS 510/1, et seq.

65. The public is likely to be damaged as a result of Klarbrunn's deceptive trade practices or acts.

66. Klarbrunn's acts, practices, and conduct as alleged above have been willful and caused, and are likely to continue to cause, injury and damage to Talking Rain.

## COUNT VII
### Illinois Common Law Unfair Competition

67. Talking Rain repeats and re-alleges each and every allegation in the foregoing

paragraphs as if fully set forth herein.

68. Klarbrunn's marketing, promotion, offering for sale, and sale of goods under the ICE mark constitute unfair competition under the common law of the State of Illinois.

69. As a result of Klarbrunn's conduct, the public is likely to believe that Klarbrunn's goods have originated from and/or have been approved by Talking Rain, when they have not.

70. Klarbrunn's acts and conduct as alleged above have damaged and will continue to damage Talking Rain and have resulted in an illicit gain of profit to Klarbrunn in an amount that is unknown at the present time.

## COUNT VIII
## Common Law Trademark Infringement and Unfair Competition

71. Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

72. Klarbrunn's conduct constitutes trademark infringement and unfair competition in violation of the common law.

73. Klarbrunn's use or confusing imitation of the ICE and SPARKLING ICE trademarks in connection with the promotion and sale of its ICE product is a knowing, willful, and intentional violation of Talking Rain's common law rights, demonstrating bad-faith intent to trade on the goodwill associated with Talking Rain's trademarks.

74. Klarbrunn's actions, if not restrained, will cause irreparable injury to Talking Rain. In addition, Klarbrunn's actions will cause Talking Rain to lose income, profits, and goodwill while Klarbrunn acquires income, profits, and goodwill. This infringement diminishes the value of Talking Rain's marks, goodwill, and business reputation.

75. By reason of the foregoing, Talking Rain is entitled to injunctive relief; damages

including, but not limited to, Klarbrunn's profits, actual damages suffered by Talking Rain, and punitive damages; and attorneys' fees, costs, and interest.

**Prayer for Relief**

WHEREFORE, Talking Rain prays for relief and judgment, as follows:

A.  that Klarbrunn and all those acting in concert or participation with it (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and contracting parties) be permanently enjoined from:

 i.  manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or otherwise offering for sale a product that is named ICE or that otherwise bears a name that is confusingly similar to the Talking Rain trademarks ICE or SPARKLING ICE; and

 ii.  representing, by any means whatsoever, that any products manufactured, distributed, advertised, offered, or sold by Klarbrunn are Talking Rain's products or vice versa, and from otherwise engaging in conduct likely to cause confusion, mistake, or deception on the part of purchasers, consumers, or others as to the origin or sponsorship of such products;

B.  that Klarbrunn and all those acting in concert or participation with it (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and contracting parties) take affirmative steps to dispel such false impressions that have been created by its infringement of the ICE and SPARKLING ICE trademarks, including, but not limited to,

recalling from any and all channels of distribution any and all infringing products and promotional materials;

  C.  that Klarbrunn be required to account for and pay over to Talking Rain all gains and profits derived by Klarbrunn from its unlawful conduct;

  D.  that Klarbrunn be required to pay Talking Rain compensatory damages for the loss of goodwill and financial injury Talking Rain has suffered by reason of Klarbrunn's unlawful activity;

  E.  that Klarbrunn be required to pay Talking Rain actual damages and Klarbrunn's profits pursuant to Illinois common law, 815 ILCS 505/1, et seq., and 815 ILCS 510/1, et seq.;

  F.  that Klarbrunn be required to pay Talking Rain three times the amount of such profits or damages pursuant to 15 U.S.C. § 1117 and 765 ILCS 1036/60;

  G.  that Klarbrunn be required to pay Talking Rain's reasonable attorneys' fees and the costs of this action;

  H.  that Klarbrunn be required to pay Talking Rain punitive damages to the extent permitted by law;

  I.  that Klarbrunn deliver up for destruction all infringing products in its possession or control and all means of making the same in accordance with 15 U.S.C. § 1118;

  J.  that Klarbrunn file with the Court and serve on counsel for Talking Rain within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Klarbrunn has complied with any injunction which the Court may enter in this action;

  K.  that Talking Rain have such other and further relief as the Court deems just and appropriate.

**Jury Trial Demand**

Talking Rain respectfully demands a trial by jury on all claims and issues so triable.

Dated: May 10, 2016				Respectfully submitted,


				By: /s/ Thomas L. Holt
				Thomas L. Holt (No. 6243134)
				Jeremy L. Buxbaum (No. 6296010)
				Perkins Coie LLP
				131 South Dearborn Street
				Suite No. 1700
				Chicago, Illinois 60603-5559
				Tel: (312) 324-8400
				Fax: (312) 324-9400
				Email: tholt@perkinscoie.com
				       jbuxbaum@perkinscoie.com

				Lynne Graybeal (to be admitted *pro hac vice*)
				William C. Rava (to be admitted *pro hac vice*)
				Perkins Coie LLP
				1201 Third Avenue
				Suite No. 4800
				Seattle, Washington 98101-3099
				Tel: (206) 359-8000
				Fax: (206) 359-9000
				Email: lgraybeal@perkinscoie.com
				       wrava@perkinscoie.com


				**ATTORNEYS FOR PLAINTIFF TALKING RAIN BEVERAGE COMPANY, INC.**